NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>UNITED STATES OF AMERICA;<br>DAVID J. SHULKIN, Acting Secretary of<br>Veterans Affairs; DEPARTMENT OF<br>VETERANS AFFAIRS,<br><br>             Defendants-Appellees. | No.   15-15930<br><br>D.C. No. 3:14-cv-02784-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 14, 2017[**]
San Francisco, California

Before:  WALLACE, McKEOWN, and BYBEE, Circuit Judges.

In his First Amended Complaint, Plaintiff alleged two state-law causes of

action as a result of Defendants' failure to consider him for reinstatement of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

employment to his previous position with the Department of Veterans Affairs: negligent infliction of emotional distress and intentional infliction of emotional distress. The district court dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) without prejudice to Plaintiff pursuing an administrative claim under the Civil Service Reform Act of 1978 (CSRA). We affirm.

Plaintiff argues that Defendants did not raise the CSRA before the district court, but that contention is belied by the record. *Cf. Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 769 n.5 (9th Cir. 2008) ("[W]e have an independent obligation to assure ourselves of our own jurisdiction, as well as the jurisdiction of the district court, even if the parties are prepared to concede it.").

The CSRA creates "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988). As such, the CSRA preempts, and thus strips federal subject matter jurisdiction over, any state law or federal law causes of action not expressly preserved by the CSRA that fall within the ambit of the CSRA. *Saul v. United States*, 928 F.2d 829, 842–43 (9th Cir. 1991) ("Congress intended to oust state tort law from the realm of federal employment . . . . Even

2

where the CSRA provided [Plaintiff] no remedy, preemption of his work-related tort claims is necessary to fulfill congressional intent."); *see* 5 U.S.C. § 2302(d) (listing exceptions not limited by the CSRA). Therefore we have no jurisdiction over Plaintiffs' claims here, regardless of whether they sound in federal or state law. *See Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (noting that the "exclusive and preemptive" CSRA scheme preempts FTCA claims).[1]

We express no opinion on the merits of Plaintiff's appeal to the Merit Systems Protection Board (MSPB), which Plaintiff filed after he filed his Opening Brief. *See* 5 U.S.C. § 7701(a). Accepting Plaintiff's assertions that he appealed to the MSPB and that the assigned administrative judge rejected it because there was no final action on behalf of the Department of Veterans Affairs does not change our judgment. We note that if Plaintiff takes issue with the MSPB's determination, the CSRA provides procedures for judicial review. *See id.* § 7703.

**AFFIRMED.**

---

[1] Plaintiff refers to a claim based on his "disabled status" and the Americans with Disabilities Act (ADA). The ADA was cited only summarily, so we will not address it. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (refusing to manufacture arguments for an appellant who made bare assertions in an opening brief).